**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **FERNANDO GONZALEZ and** | : | **CIVIL ACTION** |
| **MARCOS GARCIA individually** | : | |
| **and on behalf of all others** | : | |
| **similarly situation** | : | **NO. 2:20-cv-01380-JTM-JVM** |
| | : | |
| **VERSUS** | : | |
| | : | |
| | : | |
| **BRUNOINC. D/B/A** | : | |
| **METROWIDE APARTMENTS, LLC** | : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**
**FOR FAILURE TO STATE A CLAIM AND INSUFFICIENT PROCESS**

Defendants Joshua Bruno and Metrowide Apartments, LLC ("Metrowide") submit this Memorandum in support of their Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Plaintiffs' Amended Complaint for purported violations of the Fair Labor Standards Act still fails to comply with federal pleading standards, as it does not allege specific facts to support purported "enterprise coverage."   Instead, plaintiffs merely have recited the statutory elements, which mandates dismissal under Rule 12(b)(6).

## I.      BACKGROUND

On May 6, 2020, plaintiffs filed their original FLSA Collective Action Complaint on behalf of a purported class of maintenance workers, housekeeping workers, temporary labor staffers, and other non-management staff allegedly employed by defendants Metrowide and/or Joshua Bruno individually.  Rec. Doc. No. 1.  Defendants moved to dismiss the complaint under Rule 12(b)(6), as plaintiffs utterly had failed to allege any facts to demonstrate enterprise coverage.  Rec. Doc. No. 14.  In response to this motion, on October 30, 2020, plaintiffs filed their Amended FLSA Collective Action Complaint ("Amended Complaint"), which fails to remedy the glaring defects

1

in their pleading.  Specifically, although the Amended Complaint adds new facts purporting to show that defendants' annual gross volume of sales is at least $500,000, the new pleading still omits any facts demonstrating that defendants' employees are engaged in commerce.  Instead, the Amended Complaint merely recites the statutory requirement:

> 15. At all times relevant to this action, Defendants have been an enterprise with employees engaged in commerce or in the production of goods for commerce, and/or with employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

Rec. Doc. No. 1, at ¶¶ 10-13.

Plaintiffs claim that they and the purported class were non-exempt employees under the Fair Labor Standards Act and "routinely worked in excess of 40 hours per week," but were not paid overtime for hour worked in excess of 40 hours.  *Id.* at ¶ 21.  Defendants' failure to pay plaintiffs overtime was alleged to be "willful" and violated the FLSA, entitling plaintiffs to damages.

## II.   ARGUMENT

### A.   Conclusory Allegations of Enterprise Coverage Do Not Satisfy Federal Pleading Standards.

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more

2

than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. When the allegations of the pleading do not allow the Court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679. In considering a 12(b)(6) motion, the Court must accept the factual allegations in the complaint and take them in the light most favorable to the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[c]onclusory allegations or allegations that are no more than a statement of a legal conclusion 'are not entitled to the assumption of truth.'" *Iqbal*, 556 U.S. at 678.

**B.    Plaintiffs' Amended Complaint Fails to Specifically Allege FLSA Enterprise Coverage.**

Plaintiffs' Amended Complaint fails to cure the defective pleading of their original complaint. While plaintiffs claim the FLSA covers Metrowide and/or Bruno as "an enterprise," they utterly have failed to adequately plead facts in their Amended Complaint to support a claim of enterprise coverage. "The FLSA guarantees minimum wage and overtime compensation for employees who are (1) 'engaged in commerce or in the production of goods for commerce' ('individual coverage') or (2) 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Collins-Laster v. Openroad Management, Inc.*, No. 18-120, 2019 WL 3769961, at *2 (W.D. Tex. 2019) (citing 29 U.S.C. §§ 206(a), 207(a)). As

3

defined in the FLSA, an "enterprise engaged in commerce or in the production of goods for commerce" includes an enterprise that

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

28 U.S.C. § 203(s)(1). The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

District courts have not hesitated to dismiss FLSA complaints that fail to specifically allege enterprise coverage and instead only recite the statutory requirements. For example, in *Collins-Lassiter*, 2019 WL 3769961, at **2-3, the court granted defendant Staff One's 12(b)(6) motion to dismiss plaintiff's FLSA claim, finding the following allegations of enterprise coverage "conclusory" and "nothing more than formulaic recitations of the elements of an FLSA cause of action which are insufficient to state a claim against Staff One under the FLSA":

> At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning Section 3(r) of the FLSA, 29 U.S.C. § 203(r).
>
> At all times hereinafter mentioned, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are each an enterprise and have had employees engaged in commerce or in the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and has an annual gross volume of sales made or business done of not less than $500,000 each (exclusive of excise taxes at the retail level which are separately stated).

Similarly, in *Mejia v. Brothers Petroleum*, LLC, No. 12-2842, 2015 WL 3619894, at *6 (E.D. La. 2015) (Vance, J.), the court granted defendants' 12(b)(6) motion, finding the allegation that "[d]efendants were and continue to be engaged in interstate commerce and in the production of goods for commerce throughout the United States" "nothing more than a 'formulaic recitation' of the FLSA enterprise coverage standard." *See also Wilson v. K&K Best Care Ambulance Servs., Inc.*, No. 4:13-CV-2509, 2014 WL 1761227, at *2 (S.D. Tex. 2014) (allegation that "[d]efendants were and continue to be engaged in interstate commerce and in the production of goods for commerce throughout the United States" was insufficient to allege FLSA enterprise coverage); *Minifield v. Star Delivery Serv., Inc.*, No. 3:13-CV-02521-P, 2013 WL 12137164, at *2 (N.D. Tex. 2013) (mere recitation of statutory elements insufficient to allege enterprise coverage); *Payne v. Universal Recovery, Inc.*, No. 3:11-CV-1672, 2011 WL 7415414, at *5 (N.D. Tex. 2011) (same); *Knaps v. Quality Refractory Serv., Inc.*, No. 19-13419, 2021 WL 125932, at *2 (E.D. La. 2021) (allegation that plaintiff "was engaged in interstate commerce and/or in the production of goods for sale in interstate commerce" was insufficient to plead individual coverage).

As in *Collins-Lassiter* and *Mejia*, plaintiffs' allegations of enterprise coverage in the Amended Complaint still amount to nothing more than a recitation of the statutory elements. While plaintiffs have supplemented their allegations to include new information concerning defendants' purported annual gross revenue,[1] absent from the Amended Complaint is any allegation of facts showing that defendants "ha[ve] employees engaged in commerce or in the production of goods for commerce," or have "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as the statute requires.  Instead, in conclusory fashion, the Amended Complaint simply parrots this requirement: "At all times relevant to this action, Defendants have been an enterprise with

---

[1] Defendants deny the accuracy of the allegations of paragraphs 10-12.

employees engaged in commerce or in the production of commerce, and/or with employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." Rec. Doc. No. ___, at ¶ 15.  These allegations reproduce the statutory elements nearly word-for-word.  Without specific facts demonstrating defendants' employees' connection to commerce, plaintiffs' allegations in the Amended Complaint fall far short of meeting federal pleading standards.

In short, plaintiffs' allegations fail the plausibility test.  Because plaintiffs have failed to allege facts demonstrating FLSA coverage of a purported "enterprise," their FLSA claim should be dismissed under Rule 12(b)(6).

## C.  **CONCLUSION**

Plaintiffs' conclusory allegations that merely recite the statutory requirements fail to adequately allege "enterprise coverage," as required for their FLSA claim.  As such, plaintiffs' complaint should be dismissed under Rule 12(b)(6).

Respectfully submitted,

_/s/ Catherine Fornias Giarrusso_____
H. Minor Pipes, III, 24603
Catherine Fornias Giarrusso, 29875
PIPES | MILES | BECKMAN, LLC
1100 Poydras Street, Suite 1800
New Orleans, Louisiana 70163
Telephone: (504) 322-7070
Facsimile: (504) 322-7520
Email: mpipes@pipesmiles.com
Email: cgiarrusso@pipesmiles.com

*Attorneys for Defendants Joshua Bruno and Metrowide Apartments, LLC*