## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FERNANDO GONZALES, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-1380** |
| **BRUNOINC. D/B/A**<br>**METROWIDE APARTMENTS,**<br>**LLC** | **SECTION: H** |

## ORDER AND REASONS

Before the Court is Defendants Joshua Bruno and Metrowide Apartments, LLC's Motion to Dismiss for Failure to State a Claim (Doc. 23).[1] For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs Fernando Gonzales and Marcos Garcia bring this action on behalf of themselves and those similarly situated against Defendants Metrowide Apartments, LLC ("Metrowide") and Joshua Bruno (collectively "Defendants") for unpaid overtime pursuant to the Fair Labor Standards Act

---

[1] Defendants' Motion is titled "Motion to Dismiss for Failure to State a Claim and Insufficient Process." In the Motion, however, Defendants do not raise any argument related to insufficient process. Accordingly, the Court construes the Motion as one solely for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

("FSLA").[2] Metrowide is a real estate investment and development company specializing in the development and management of multi-family and commercial properties in and around New Orleans, Louisiana. Defendant Joshua Bruno is the alleged member-manager of Metrowide. In their Amended Collective Action Complaint ("the Complaint"), Plaintiffs allege that, in their work for Defendants as hourly landscapers and maintenance workers at Defendants' properties, they regularly worked in excess of 40 hours per week without receiving the one and one-half times pay they are owed under the FLSA.

Now before the Court is Defendants' Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). In the Motion, Defendants ask the Court to dismiss Plaintiffs' Complaint for failure to adequately allege "enterprise coverage" as required to state a claim under the FLSA. Plaintiffs oppose the Motion.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw

---

[2] 29 U.S.C. § 201, *et seq.*
[3] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[4] *Id.*

all reasonable inferences in the plaintiff's favor."[5] However, the Court need not accept as true legal conclusions couched as factual allegations.[6]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[8] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[9]

## LAW AND ANALYSIS

"The FLSA guarantees overtime pay to employees engaged 'in the production of goods for commerce' ('individual coverage') or 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')."[10] "Either individual or enterprise coverage is enough to invoke FLSA protection," and plaintiffs have the burden of demonstrating that such coverage exists.[11] At issue in resolving the instant Motion is whether Plaintiffs have sufficiently pleaded the existence of enterprise coverage.

To establish enterprise coverage, a plaintiff must show that the enterprise: (1) "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise

---

[5] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[6] *Iqbal*, 556 U.S. at 678.

[7] *Id.*

[8] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[9] *Lormand*, 565 F.3d at 255–57.

[10] Martin v. Bedell, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)) (emphasis omitted).

[11] *Id*; Mejia v. Bros. Petroleum, LLC, No. CIV.A. 12-2842, 2015 WL 3619894, at *4 (E.D. La. June 9, 2015) (citing Sobrinio v. Med. Ctr. Visitor's Lodge, 474 F.3d 828, 829 (5th Cir. 2007)).

working on goods or materials that have been moved in or produced for commerce by any person" and (2) has at least $500,000 in "annual gross sales or business done."[12] The statute defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."[13]

In its Motion to Dismiss, Defendants contend that Plaintiffs' Complaint merely recites the statutory definition of enterprise coverage and is thus insufficient to invoke FLSA coverage. Specifically, Defendants argue that Plaintiffs have failed to sufficiently allege facts related to the first element of enterprise coverage—that Defendants have employees engaged in or handling commerce as defined by the FLSA (i.e. interstate commerce). The Court agrees.

In reviewing the Complaint, the Court finds that Plaintiffs have failed to provide facts that show that there is more than a "sheer possibility" that Plaintiffs were employed by Defendants in an enterprise engaged in interstate commerce.[14] Plaintiffs' Complaint alleges that "[a]t all times relevant to this action, Defendants have been an enterprise with employees engaged in commerce or in the production of goods for commerce, and/or with employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."[15] The only facts pleaded to support this assertion are that the Defendants have "ten years of experience in the Gulf South Region" and provided "housing for temporary workers who have flocked to New Orleans to aid in the area's rebuilding."[16] While these facts

---

[12] 29 U.S.C. § 203(s)(1). *See* Molina-Aranda v. Black-Magic Enters., L.L.C., 983 F.3d 779, 786 (5th Cir. 2020).
[13] 29 U.S.C. § 203(b).
[14] Doc. 21 at 3-4.; *Iqbal*, 556 U.S. at 678.
[15] Doc. 21 at 4.
[16] *Id.* at 3.

make it possible that the Defendants may be engaged in interstate commerce, they lack the specificity required to properly invoke FLSA coverage.

In their Opposition, the Plaintiffs cite a series of Fifth Circuit cases emphasizing the broad and liberal construction of "commerce."[17] For example, Plaintiffs rely on the Fifth Circuit's recent case in *Molina-Aranda v. Black Magic Enterprises, LLC*, wherein the Court found sufficient the plaintiffs' allegations that the defendants engaged in enterprise coverage "by employing more than 11 drivers and hauling water, sand, gravel[,] and construction and oilfield equipment both interstate and intrastate," as well as by "handling, selling, or otherwise working on goods or materials (such as heavy trucks, fuel and equipment) that have been moved in or produced for commerce by any person."[18] In so holding, the *Molina-Aranda* Court reasoned that the plaintiffs had identified materials that "had potentially been moved in commerce before being handled by [the employer] and its employees."[19] In contrast, Plaintiffs' Complaint lacks such specific allegations that connect Defendants or their employees to interstate commerce, and they only provide such facts for the first time in their Opposition.

---

[17] *See* Walling v. Jacksonville Paper Co., 317 U.S. 564, 571 (1943) ("The fact that all of respondent's business is not shown to have an interstate character is not important. The applicability of the Act is dependent on the character of the employees' work. If a substantial part of an employee's activities related to goods whose movement in the channels of interstate commerce was established by the test we have described, he is covered by the Act." (citations omitted)).

[18] *Molina-Aranda,* 983 F.3d at 786–87.

[19] *Id*. at 787. The *Molina-Aranda* Court further explained that "[i]t is also plausible that some or all of these items had travelled interstate at some point in their life cycle. Texas is a large state with considerable industrial capacity, but it does not stretch the definition of plausible for Plaintiffs to allege that at least some of the raw materials and machinery that they handled came from beyond Texas's borders. Importantly, Plaintiffs will have to provide proof of these allegations at the summary judgment or trial stage (after they have had a chance to conduct discovery), but they are not required to provide further details than they have at this stage." *Id.* at 788.

When granting a motion to dismiss, a district court should freely grant leave to amend the complaint unless amendment would be futile.[20] Here, the arguments and factual allegations raised in Plaintiffs' Opposition make it likely that the Complaint's deficiencies can be remedied through amendment. Accordingly, Defendants' Motion is granted, and Plaintiffs are ordered to amend their Complaint within 21 days to include specific factual allegations demonstrating the existence of FLSA coverage.

<u>**CONCLUSION**</u>

For the foregoing reasons;

**IT IS ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 23) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall amend their Complaint within twenty-one (21) days of this Order or risk dismissal.

New Orleans, Louisiana this 23rd day of July, 2021.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[20] *See, e.g.*, United States ex rel. Steury v. Cardinal Health, Inc., 625 F.3d 262, 270 (5th Cir. 2010).