UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FERNANDO GONZALES, ET AL**     **CIVIL ACTION**

**VERSUS**     **NO: 20-1380**

**METROWIDE APARTMENTS, LLC**     **SECTION: H**
**ET AL.**

## ORDER AND REASONS

Before the Court is Defendants Joshua Bruno and Metrowide Apartments, LLC's Motion to Dismiss for Failure to State a Claim (Doc. 52). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs Fernando Gonzales and Marcos Garcia bring this action, on behalf of themselves and those similarly situated, against Defendants Metrowide Apartments, LLC ("Metrowide") and Joshua Bruno (collectively "Defendants") for unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA").[1] Metrowide is a real estate investment and development company specializing in the development and management of multi-family and

---

[1] 29 U.S.C. § 201, *et seq*.

1

commercial properties in and around New Orleans, Louisiana. Defendant Joshua Bruno is the alleged member-manager of Metrowide. Plaintiffs allege that, in their work for Defendants as maintenance workers at Defendants' properties, they regularly worked in excess of 40 hours per week without receiving the one and one-half times pay they are owed under the FLSA.

In response to Plaintiffs' initial complaint, Metrowide filed a motion to dismiss based on Plaintiffs' alleged failure to plead enough facts to support a finding of enterprise coverage under the FLSA.[2] Plaintiffs filed an amended complaint setting out additional allegations.[3] Defendants then filed a second motion to dismiss arguing that Plaintiffs did not sufficiently allege that Defendants have employees engaged in or handling commerce as defined by the FLSA.[4] The Court granted the motion and ordered Plaintiffs to amend their second complaint.[5] Once Plaintiffs did so, Defendants again filed a motion to dismiss, and Plaintiffs moved for leave to amend their complaint.[6] The Magistrate Judge granted leave to amend, resulting in Plaintiffs' filing their Third Amended Complaint, the one presently at issue.[7]

---

[2] *See* Doc. 14. To establish enterprise coverage, the plaintiff must show that the enterprise (1) "has employees engaged in commerce or in the production of goods for commerce or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) has at least $500,000 in "annual gross sales or business done." *Id.* § 203(s)(1).
[3] *See* Doc. 21.
[4] *See* Doc. 23.
[5] *See* Doc. 33.
[6] *See* Docs. 36, 40.
[7] *See* Docs. 48, 52.

Now before the Court is Defendants' Motion to Dismiss for Failure to State a Claim.[8] Defendants ask the Court to dismiss Plaintiffs' Third Amended Complaint for failing to adequately allege that Metrowide's annual revenue is at least $500,000. Plaintiffs oppose.[9]

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[10] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[12] However, the Court need not accept as true legal conclusions couched as factual allegations.[13]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[14] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[15] Rather, the complaint must contain enough factual

---

[8] *See* Doc. 52.
[9] *See* Doc. 60.
[10] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
[11] *Id.*
[12] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[13] *Iqbal*, 556 U.S. at 678.
[14] *Id.*
[15] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

3

allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[16]

## LAW AND ANALYSIS

"The FLSA guarantees overtime pay to employees engaged 'in the production of goods for commerce' ('individual coverage') or 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')."[17] "Either individual or enterprise coverage is enough to invoke FLSA protection," and plaintiffs have the burden of demonstrating that such coverage exists.[18] At issue in resolving the instant Motion is whether Plaintiffs have sufficiently pleaded enterprise coverage.

To establish enterprise coverage, a plaintiff must show that the enterprise: (1) "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) has at least $500,000 in "annual gross volume of sales made or business done."[19]

---

[16] *Lormand*, 565 F.3d at 255–57.
[17] Martin v. Bedell, 955 F.2d 1029, 1032 (5th Cir. 1992) (emphasis omitted) (citing 29 U.S.C. § 207(a)(1)).
[18] *Id*; Mejia v. Bros. Petroleum, LLC, No. CIV.A. 12-2842, 2015 WL 3619894, at *4 (E.D. La. June 9, 2015) (citing Sobrinio v. Med. Ctr. Visitor's Lodge, 474 F.3d 828, 829 (5th Cir. 2007)).
[19] 29 U.S.C. § 203(s)(1); *see* Molina-Aranda v. Black-Magic Enters., L.L.C., 983 F.3d 779, 786 (5th Cir. 2020).

Defendants argue that Plaintiffs have not alleged facts showing at least $500,000 in annual gross volume of sales made or business done. As to this issue of minimum revenue, Plaintiffs allege the following:

> 13. Defendant [Metrowide] currently lists 26 separate properties in the New Orleans metropolitan area, of which no less than 12 are multi-unit apartment complexes, with rent ranging from starting at $795 p/month to starting at $4,000.00 p/month. As such, on information and belief, it is alleged that METROWIDE APARTMENTS, LLC [sic] annual gross revenue is well in excess of the minimum revenue required under Sec. 203 of the FLSA, as alleged and outlined hereunder.
>
> . . .
>
> 27. At all times relevant to this action, Defendants have been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00, as outlined above.

Defendants argue that these allegations do not satisfy the applicable federal pleading standards.

"The second prong [of enterprise coverage] may be satisfied by allegations made 'upon information and belief,' as employees are rarely in a position to know, with specificity, their employer's annual gross volume of sales."[20] "[R]equiring specific factual allegations concerning the dollar volume requirement could lead to 'gross speculation.'"[21] "If the court required plaintiffs

---

[20] Badon v. Reliable PCA & SIL Agency, LLC, CIVIL ACTION NO. 19-12503, 2020 WL 3605916, at *5 (E.D. La. July 2, 2020) (citing Centeno v. Facilities Consulting Grp., Inc., No. 14-CV-3696, 2015 WL 247735, at *11 (N.D. Tex. Jan. 20, 2015)); *see also* Blundell v. Lassiter, No. 17-CV-1990, 2018 WL 6738046, at *8 (N.D. Tex. May 21, 2018) ("As to the second prong of the enterprise coverage definition, an allegation made 'upon information and belief' is generally sufficient to survive a motion to dismiss.").

[21] *Centeno*, 2015 WL 247735, at *11 (quoting Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc., No. 07-cv-2359-T-23TGW, 2008 WL 793660, at *2 (M.D. Fla. Mar. 24, 2008)).

to plead factual specifics in these circumstances, it could force plaintiffs' attorneys to violate Federal Rule of Civil Procedure 11 by including mere speculations in the pleadings."[22] Thus, the above allegations suffice; Plaintiffs have adequately alleged the existence of enterprise coverage.[23]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 52) is **DENIED.**

New Orleans, Louisiana this 27th day of July, 2022.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[22] *Id.* (citing FED. R. CIV. P. 11(b)(3)).
[23] Like the court in *Centeno*, this Court notes that Defendants are free at any point to file a motion for summary judgment, supported by appropriate documentation, if their gross volume of sales is less than $500,000. *Id.* at *11 n.5.